**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GEORGE LEON WILLIAMS, JR.** | ) | |
| **ID # 1745723,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:16-CV-1923-D (BH)** |
| | ) | |
| **LORIE DAVIS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.  Before the Court is the petitioner's *Application for Default Judgment*, received on December 12, 2016 (doc. 23).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.  BACKGROUND**

George Leon Williams, Jr. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed two separate petitions for relief under 28 U.S.C. § 2254 challenging two separate convictions in the 291st Judicial District Court of Dallas County in state criminal cases F-0862218 and F-1000781.  (*See* docs. 3, 7.) On July 21, 2016, the petitions were served on the respondent, and she was ordered to respond within 60 days.  (*See* doc. 9.)  By order dated September 19, 2016, the time to respond was extended until October 19, 2016.  (*See* doc. 12.)  After Petitioner was granted leave to amend his petition, the respondent was granted another extension to answer, and her response was due on November 18, 2016. (*See* doc. 17.)  On November 21, 2016, the respondent filed an out-of-time motion for an extension of time on grounds that she could not file her answer by the due date of November 19, 2016, because the server was down and that she was almost finished drafting a response.  (*See* doc. 18.)  She sought

an additional extension of time until November 28, 2016.  (*Id.*)  The respondent filed her answer on November 23, 2016, prior to her motion being granted.  (*See* docs. 20, 22.)

Petitioner seeks entry of default judgment based on the respondent's failure to timely file her answer.

## II.  ANALYSIS

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions under which default may be entered against a party, as well as the procedure for seeking the entry of default judgment. There is a three-step process for securing a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First a default occurs when a party "has failed to plead or otherwise defend" against an action.  Fed. R. Civ. P. 55(a).  Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise".  *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141.  Third, a party may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

In this case, the respondent has filed her answer, so she has not failed to plead or otherwise defend this action.  Petitioner has not established default, and no entry of default been entered by the clerk.  Petitioner has not shown the first two requirements for a default judgment.  Morever, although the respondent's answer was untimely at the time it was filed, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'"  *Lewis*, 236 F.3d at 767 (quoting *Sun Bank*, 874 F.2d at 276).  The respondent has appeared to defend this action, she sought an extension of time to answer the petition, and she has now answered.  Entry of a default judgment is not appropriate.

2

## III.  RECOMMENDATION

Petitioner's motion for default judgment should be **DENIED**.

**SO RECOMMENDED on this 13th day of December, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3