IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GEORGE LEON WILLIAMS, JR. )
    ID # 1745723, )
        Petitioner, )
vs. ) No. 3:16-CV-1923-D
 )
LORIE DAVIS, Director, )
Texas Department of Criminal )
Justice, Correctional Institutions Division, )
        Respondent. )

MEMORANDUM OPINION
AND ORDER

Petitioner George Leon Williams, Jr.'s ("Williams'") October 2, 2018 motion for en banc reconsideration/rehearing is denied.

Williams filed this federal habeas petition under 28 U.S.C. § 2254. The United States Magistrate Judge filed her findings, conclusions, and recommendation on July 27, 2018, recommending that the petition be denied. The court granted Williams an extension to September 7, 2018 to file objections to the findings, conclusions, and recommendation. On September 14, 2018, after no objections were filed, the court adopted the recommendation and denied the petition.

Williams asserts that he mailed a second motion for extension of time file objections on September 4, 2018, and, in support of his assertion, he presents responses from prison officials to his inquiries. The docket in this case, however, does not show that a second motion for extension of time was ever filed. Williams now asks that the judgment be withdrawn and that he be granted an additional 30 days to file objections.

Because Williams' motion challenges the judgment in this case and was filed within 28 days of the entry of judgment, it is properly construed as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment. *See, e.g., Williams v. Thaler*, 602 F.3d 291, 303 & n.10 (5th Cir. 2010) ("When a

litigant files a motion seeking a change in judgment, courts typically determine the appropriate motion based on whether the litigant filed the motion within Rule 59(e)'s time limit.").[*]

To prevail on a Rule 59(e) motion to alter or amend a judgment, the moving party must show (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error of law or fact. *See Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Although courts have "considerable discretion" to grant or to deny a Rule 59(e) motion, they use the "extraordinary remedy" under Rule 59(e) "sparingly." *Id.* at 479, 483. When considering a motion to alter or amend judgment, "[t]he court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

Williams asks that the judgment be set aside so that he may be granted an extension of time to file objections. His motion does not include any objections to the findings, conclusions, and recommendation. He has not shown that any objections that he would have filed would have had merit. Williams does not present any intervening change in law, new evidence, or manifest error of law or fact, or other extraordinary circumstances justifying alteration or amendment of the

---

[*]A motion for relief from judgment that seeks to advance one or more substantive claims, or attacks a federal court's prior resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005); *Williams*, 602 F.3d at 303 & n. 10. Because Williams' motion does not attack the resolution of his claims on the merits, but only an alleged defect in the integrity of the federal habeas proceedings, it does not raise a second or successive claim. *See id.*

judgment, and he has not shown that his habeas petition should not have been denied.

Accordingly, Williams' motion is denied.

**SO ORDERED**.

October 9, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE